UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| ROBERT J. ATKINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.: 3:13-cv-736-TAV-HBG |
| ) | |
| C/O SAW and C/O WHEAT, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Robert J. Atkins filed a pro se prisoner's civil rights complaint pursuant to 42 U.S.C. § 1983 on December 26, 2013 [Doc. 1]. The case was dismissed without prejudice for failure to prosecute [Doc. 18], and is now before the Court upon plaintiff's second motion to reopen [Doc. 23]. No response to plaintiff's motion has been filed and the time for doing so has passed. E.D. Tenn. L.R. 7.1. For the following reasons, plaintiff's motion to reopen is **DENIED**.

I.  **Procedural History**

Pursuant to the memorandum and order filed on January 9, 2014, plaintiff returned service packets for the defendants as ordered by the Court [Doc. 3]. Although process was issued against defendants, the summonses were returned unexecuted with the notation "not at this institution" [Doc. 6 and 7]. Plaintiff then requested additional summonses, stating that he had put the wrong address on the original summonses [Doc. 13]. The additional forms were mailed to plaintiff. When plaintiff returned the service

packets, however, there were no summons forms and the Marshal forms were not properly completed. An administrative notice to that effect was sent to plaintiff on May 19, 2014, and he was advised to complete and return the summons forms and Marshal forms [Doc. 14]. Plaintiff never returned properly completed forms or otherwise responded to the administrative notice, and defendants were not served within 120 days after the filing of the complaint.

When plaintiff failed to return the properly completed forms for service of process, he was ordered to show cause as to why his case should not be dismissed without prejudice for failure to prosecute [Doc. 15]. Plaintiff's copy of that order, which was mailed to him at his last known address, was returned undelivered with the notation "not deliverable as addressed" [Doc. 16].

The Court dismissed this case without prejudice for failure to prosecute, supported by the reasoning that a plaintiff has the burden of prosecuting his action, including informing the Court of his correct mailing address, which plaintiff failed to do [Doc. 17 and 18]. Plaintiff's copy of the order dismissing his case was likewise returned undelivered [Doc. 19].

More than five months later, plaintiff sent the Court a letter requesting the case number for this action; he was mailed a copy of the docket sheet [Doc. 20]. The return address on the envelope in which plaintiff's letter was mailed bore a new address for plaintiff, and his address on the Court's docket sheet was updated based on this letter. Thereafter, plaintiff filed a motion to reopen the case requesting a new court date [Doc.

2

21]. The Court denied plaintiff's motion to reopen because plaintiff failed to "provide any basis upon which to re-open his case nor did he state any facts that could excuse his failure to prosecute" [Doc. 22 p. 2].

**II.     Standard of Law**

A plaintiff has an affirmative duty to notify the Court of any change in address. *See Barber v. Runyon*, No. 93-6318, 1994 WL 163765, at *1 (6th Cir. May 2, 1994) ("If [pro se plaintiff's] address changed, he had an affirmative duty to supply the court with notice of any and all changes in her address."); *see also Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("[W]hile pro se litigants may be entitled to some latitude when dealing with sophisticated legal issues. . . there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend."); *Walker v. Cognis Oleo Chem., LLC*, No. 1:07-cv-289, 2010 WL 717275, at *1 (S.D. Ohio Feb. 26, 2010) ("By failing to keep the court apprised of his current address, petitioner demonstrates a lack of prosecution of his action.").

A plaintiff's failure to supply the Court with an updated address subjects the action to dismissal under Federal Rule of Civil Procedure 41(b). Fed. R. Civ. P. 41(b) (providing for dismissal where "the plaintiff fails to prosecute"); *see also Kosher v. Butler Cnty. Jail*, No. 1:12-cv-51, 2012 WL 4808546, *2 (S.D. Ohio Sept. 9, 2012) (citing *Buck v. U.S. Dep't of Agric., Farmers Home Admin.*, 960 F.2d 603, 608-09 (6th Cir. 1992)) ("Without such basic information as a plaintiff's current address, courts have no recourse but to dismiss a complaint for failure to prosecute.").

3

### III. Analysis

Plaintiff states in his motion to reopen that he did not proceed with this case "because [he] was evicted and falsely accused for jail time while trying to proceed this case so for those results [he] never got a letter from this Court" [Doc. 23 p. 1]. Plaintiff explains that "because of that and being homeless. . . [he] would like to reopen this case." *Id*.

The Court finds that plaintiff failed to provide the Court with an updated address and failed to monitor his case electronically. The Court, therefore, had no way to communicate with plaintiff about his case. The Court has no way of knowing a litigant's mailing address except by checking the address provided by the litigant and filed on the docket. Any problems arising from a failure of service is directly attributed to plaintiff's failure to update the docket. Based on plaintiff's previous communication with the Court updating his address, the Court finds that plaintiff was aware of his duty to keep the Court updated as to his whereabouts.

### IV. Conclusion

For the reasons set forth above, the Court finds that plaintiff's second motion to reopen **[Doc. 23]** is **DENIED**.

**ENTER**:

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE

4

Case 3:13-cv-00736-TAV-HBG   Document 25   Filed 07/22/15   Page 4 of 4   PageID #: 124